O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5025 PSG (AJWx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | Richard Charles v. ADT Security Services *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Linda Williams | Not Present | n/a |
|---|---|---|
| Relief Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present                                           Not Present

**Proceedings:** **(In Chambers) Remand Order**

I.  Background

Plaintiff Richard Charles ("Plaintiff") was employed by Defendant ADT Security Services ("ADT") as a sales consultant. *See Compl.* ¶ 6. In 2008, Plaintiff allegedly developed a severe case of trigeminal neuralgia, a medical condition causing prolonged pain in the nerves of his face, which impaired his ability to speak. *See id.* ¶ 7. Plaintiff allegedly applied for short term disability benefits, but was ordered by his supervisor, Defendant Matthew Nonemacher ("Nonemacher") (collectively with ADT, "Defendants"), "to return to work immediately." *See id.* ¶ 9. Due to his disability, however, Plaintiff was unable to return to work at that time. *See id.* On November 26, 2008, Defendants allegedly terminated Plaintiff's employment by mail, citing his denial of short term disability and failure to return to work. *See id.*

On July 8, 2009, Plaintiff filed suit against Defendants in state court, alleging a claim for intentional infliction of emotional distress ("IIED") against ADT and Nonemacher. Defendants timely removed the action to this Court on July 13, 2009. In the Notice of Removal, Defendants claim that Nonemacher, a California citizen, was fraudulently joined in the action by Plaintiff, also a California citizen, to defeat diversity jurisdiction. *See Notice* ¶¶ 10-12. On October 14, 2009, Plaintiff filed a motion to remand the case to state court.

II. Legal Standard

Joinder of a non-diverse defendant is fraudulent where the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5025 PSG (AJWx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | Richard Charles v. ADT Security Services *et al.* | | |

the state." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). If there is *"any possibility* that plaintiff will be able to establish liability against the party in question," then joinder is not fraudulent. William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 2:672 (The Rutter Group 2009) (emphasis in original). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 10005, 1007 (N.D. Cal. 2001). Any ambiguities and legal or factual questions must be resolved in the plaintiff's favor. *See* Schwarzer et al. §§ 2.672.1, 2:682.5.

III. Discussion

Plaintiff alleges an IIED claim against Nonemacher, the only claim against Nonemacher in the Complaint. Plaintiff seeks remand of this action to state court because Plaintiff and Nonemacher are not diverse parties. Defendants argue, however, that Nonemacher was fraudulently joined in the action to defeat diversity, and that his citizenship should accordingly be disregarded. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Defendants argue that (1) Plaintiff fails to adequately plead the elements of IIED, and (2) Plaintiff's IIED claim against Nonemacher is procedurally barred by California Labor Code § 3601(a), which establishes workers' compensation as the exclusive remedy for injuries sustained in the course of employment. For the following reasons, Defendants have failed to show that Plaintiff has no possibility of recovery against Nonemacher for IIED.[1] *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425-26 (4th Cir. 1999) ("[U]ltimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends."); *Cavallini v. State Farm Mut. Auto Inst. Co.*, 44 F.3d 256, 259 (5th Cir. 1995) ("The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.").

---

[1] Even assuming that Nonemacher was fraudulently joined, the Notice of Removal is deficient because it fails to establish ADT's principal place of business under the factors outlined in *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). *See Notice of Removal* ¶¶ 8-9 (appearing to apply the nerve center test). For example, Barbara Zappulla testifies that ADT has real property located in twelve states, but does not indicate which states have the most property. *See Zappulla Decl.* ¶ 9. Thus, jurisdiction may be lacking on the basis of ADT's citizenship alone.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5025 PSG (AJWx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | Richard Charles v. ADT Security Services *et al.* | | |

    A.    <u>Is it Possible for Plaintiff to State a Claim Against Nonemacher?</u>

    To state a claim for IIED, a plaintiff must allege the following elements: (1) extreme and outrageous conduct by defendants with the intent of causing emotional distress, (2) the suffering of severe or extreme emotional distress, and (3) the fact that the outrageous conduct actually and proximately caused the emotional distress. *Conley v. Roman Catholic Archbishop of S.F.*, 85 Cal. App. 4th 1126, 1133, 102 Cal. Rptr. 2d 679 (2000) (citing *Cervantes v. J.C. Penney Co.*, 24 Cal. 3d 579, 593, 156 Cal. Rptr. 198 (1979)). Defendants argue that Plaintiff fails to allege both that (1) Nonemacher engaged in extreme and outrageous conduct and (2) Plaintiff suffered severe or extreme emotional distress.

    In the Complaint, Plaintiff alleges that ADT and Nonemacher were aware of his trigeminal neuralgia, and that they required Plaintiff to immediately return to work despite the fact that his disability prevented him from performing his duties. *See Compl.* ¶ 9. It can reasonably be inferred that Nonemacher was aware of the severity of Plaintiff's condition based on his role as supervisor. However, Defendants claim that these allegations are insufficiently severe or extreme. *See Opp.* 5:12-6:6 (citing *Hughes v. Pair*, 46 Cal. 4th 1035, 95 Cal. Rptr. 3d 636 (2009) (holding that a trustee's sexually explicit comments were not sufficiently severe)). That Nonemacher's demand purportedly gave Plaintiff the option of returning to work, *see Rulon-Miller v. Int'l Bus. Machines Corp.*, 162 Cal. App. 3d 241 (1984), does not render Plaintiff's allegations insufficiently extreme because it can reasonably be inferred that Plaintiff was effectively given no choice based on his allegations of disability, *see Mot.* 8:24-28 ("Nonemacher's actions were extreme and outrageous because they went beyond mere personnel decisions. Nonemacher tormented Plaintiff by demanding Plaintiff's immediate return to work, an action that he knew was not just extremely painful, but impossible.").

    While these allegations may very well prove insufficient, the Court cannot, at this stage, conclude that Plaintiff has no possibility of recovery, especially when Plaintiff's termination is viewed in the context of his disability. *See Barsell v. Urban Outfitters, Inc.*, No. 09-2604, 2009 WL 1916495, at *7 (C.D. Cal. July 1, 2009) ("'Whether . . . alleged behavior is sufficiently extreme as to constitute 'outrageous' behavior is properly determined by the fact finder after trial or possibly after discovery upon a motion for summary judgment.' Thus, in other cases in which defendants have argued that a supervisor's alleged conduct was not sufficiently outrageous to support an [IIED] claim, district courts applying the fraudulent joinder standard have generally found a non-fanciful possibility of liability [to be sufficient], even where plaintiff's claim appeared 'relatively weak.'" (citations omitted)); *Hughes*, 46 Cal. 4th 1035 (affirming grant of summary judgment based on, *inter alia*, insufficient allegations of severe conduct).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5025 PSG (AJWx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | Richard Charles v. ADT Security Services *et al.* | | |

In addition to pleading extreme and outrageous conduct, Plaintiff alleges that he suffered severe emotional distress. *See Compl.* ¶ 54 (alleging "extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression"); *id.* ¶ 56 ("Plaintiff has suffered humiliation, mental and physical distress, anxiety, nervousness and severe emotional distress."). Though these allegations may prove insufficient, the Court cannot conclude that Plaintiff's recovery under an IIED theory is impossible on the basis of these averments. Therefore, the Court finds that Defendants have failed to demonstrate that Plaintiff has no possibility of recovery for IIED against Nonemacher.

    B.    <u>Is Workers' Compensation the Exclusive Remedy for Plaintiff's Claim?</u>

Defendants argue that Plaintiff's IIED claim is procedurally barred because Plaintiff must seek his remedy through workers' compensation. Under California law, claims for IIED based solely on normal conditions of employment must be pursued through workers' compensation. *See* Cal. Lab. Code § 3601(a) ("[T]he right to recover such compensation, pursuant to the provisions of this division is . . . the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment."); *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160, 233 Cal. Rptr. 308 (1987) ("[W]hen the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability."); *Accardi v. Superior Court*, 17 Cal. App. 4th 341, 352, 21 Cal. Rptr. 2d 292 (1993) ("Emotional distress caused by misconduct in employment relations involving, for example, promotions, demotions, criticism of work practices, [or] negotiations as to grievances, is a normal part of the employment environment. A cause of action for such a claim is barred by the exclusive remedy provisions of the workers' compensation law." (citing Cal. Lab. Code § 3601(a))).

In this case, Plaintiff's allegations of extreme conduct do not relate solely to activities incidental to the employment relationship. Plaintiff alleges that Defendants not only terminated his employment, but that they also demanded that he immediately return to work in spite of a severe medical condition of which they were aware. Furthermore, Plaintiff alleges that his termination was the product of discrimination on the basis of his disability and in retaliation for exercising his rights under the California Family Rights Act, Cal. Gov. Code § 12945.2(a). *See Compl.* ¶ 53. The presence of alleged disability discrimination takes Plaintiff's case out from

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5025 PSG (AJWx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | Richard Charles v. ADT Security Services *et al.* | | |

under § 3601(a). *See Barsell*, 2009 WL 1916495, at *4 ("Because this claim [for IIED] is based on allegations of disability discrimination, there is a non-fanciful possibility that the workers' compensation exclusivity provisions do not bar [the claim].").

Though not raised by the parties, the Court further notes that an affirmative defense reaching the merits of a case should generally not provide the basis for a finding of fraudulent joinder. *See* Schwarzer et al., *supra*, at § 2:672.2 ("Ordinarily, courts do not consider a nondiverse defendant's defenses on the merits in determining whether that defendant's joinder was 'fraudulent.'"); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) (noting that case law tends "to suggest that an exogenous defense could not turn a true defendant into a sham defendant" and that "the statute of limitations is a defense, and a rather unique one at that" as it does not address underlying factual allegations). Defendants' § 3602(a) defense is intertwined with the factual allegations of Plaintiff's employment relationship, and thus should not form the basis of a finding that Nonemacher was fraudulently joined. For these reasons, Defendants do not establish that Plaintiff has no possibility of recovery on the basis of § 3601(a).

As Nonemacher is not a sham defendant, the Court must take Nonemacher's citizenship into account in making its jurisdictional determination. Plaintiff and Nonemacher are both citizens of California, and thus the Court lacks jurisdiction under 28 U.S.C. § 1332.

IV.  Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion and REMANDS the case.

**IT IS SO ORDERED.**